# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NIKITA MILTON MONTGOMERY,<br><br>Plaintiff,<br><br>v.<br><br>COOK COUNTY, HEKTOEN INSTITUTE, and STROGER HOSPITAL,<br><br>Defendants. | No. 14 C 3556<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nikita Milton Montgomery ("Plaintiff") filed a complaint against Defendants Cook County, Hektoen Institute, and Stroger Hospital ("Defendants") alleging discrimination and retaliatory discharge based on her religious beliefs under Title VII of the Civil Rights Act of 1964, 2000e-2. Currently before the Court is Defendants' motion to dismiss Plaintiff's complaint. For the following reasons, Defendants' motion to dismiss is granted in its entirety.

**I.      Background**

On or about November 20, 2012, Plaintiff was interviewed and hired by supervisor Ms. Chez Smith to work in the Planned Parenthood department of Cook County's Hektoen Institute ("Institute"). Prior to accepting employment at the Institute, Plaintiff informed Ms. Smith that she made the decision to leave her previous employment of six years at another family planning facility because that clinic was going to start providing abortions on a regular basis. While at the Institute, Plaintiff was a successful worker, assigned additional duties, and praised by staff.

On or about early August 2013, Plaintiff was approached by the Institute's director, Dr. Ashlesha Patel, about assuming additional duties around the clinic to which Plaintiff did not express an objection. Subsequently, on or about mid-August 2013, Ms. Mannie Grizwal replaced

1

Ms. Smith as Plaintiff's supervisor. Ms. Grizwal emailed Plaintiff in early September and informed her that new plans would be pursued with respect to Plaintiff's duties at the clinic. She further explained that she would like to discuss these new duties with Plaintiff and Ms. Carla Zemba, the head of the Reproductive Health Services Department ("RHS"). RHS is in charge of providing abortions.

Plaintiff was in communication with Dr. Patel regarding her duties, job title, compensation, and future duties. On September 24, 2013, Plaintiff attended a meeting with Ms. Grizwal, Ms. Zemba, and Dr. Patel. During this meeting, Plaintiff was informed that, due to her salary structure, Plaintiff would have to work 50% of her time in the reproductive health unit and 50% of her time where she was already working. Plaintiff told "the doctors that no, her religious beliefs did not allow her to condone 'life taking' and that she understood from the first day of her employment that this view would be respected." Plaintiff understood her employer to allow Plaintiff to avoid duties in reproductive services that involved "live time in the abortion unit." Subsequently, on or about September 26, 2013, Plaintiff was sent an email by Dr. Patel advising her that "this day would be her last day."

## II.     Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not test the merits of a claim; rather, it tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a 12(b)(6) motion, the Court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the non-moving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Nonetheless, the dismissal of a complaint for failure to state a claim is proper if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,*

467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 765 (3d Cir.2004) (affirming dismissal for failure to state a claim of discrimination on the basis of religion and national origin in violation of Title VII).

**III.    Discussion**

   A.    Stroger Hospital

It is undisputed that Stroger Hospital is not a legal entity separate and apart from Cook County and cannot be sued. *Jackson v. Vill. of Rosemont*, 180 Ill. App. 3d 932, 937, 536 N.E.2d 720, 723 (1988). Therefore, I dismiss Defendant Stroger Hospital from this case.

   B.    Discrimination

Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under Title VII, "religion" includes "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to [sic] an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." *Id*. § 2000e-(j). These provisions of Title VII prohibit an employer from intentionally discriminating against an employee based on the employee's religion, and require an employer to make reasonable efforts to accommodate the religious practices of employees unless doing so would cause the employer undue hardship. *See Reed v. Great Lakes Cos.*, 330 F.3d 931, 934-35 (7th Cir. 2003).

In order to establish a *prima facie* case of religious discrimination, a plaintiff "must show that the observance or practice conflicting with an employment requirement is religious in nature, that she called the religious observance or practice to her employer's attention, and that

3

the religious observance or practice was the basis for her discharge or other discriminatory treatment." *EEOC v. Ilona of Hungary, Inc.*, 108 F.3d 1569, 1575 (7th Cir. 1997). At the pleading stage, a Title VII plaintiff need not, however, set forth allegations of a *prima facie* case in the complaint. *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539-40 (7th Cir. 2005) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)). Instead, a plaintiff alleging discrimination in violation of Title VII must only set forth in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (quoting Fed.R.Civ.P. 8(a)).

Plaintiff has alleged facts from which the Court could reasonably infer that she held a religious belief that conflicted with her newly proposed duties and that she informed her employer of her belief and the conflict. Plaintiff alleged that she held a religious belief that prohibited her from working on "life taking" duties in reproductive services that involved "live time in the abortion unit." Plaintiff further alleged that her employers knew about her religious beliefs through her own direct statements at two distinct points: (1) when she initially interviewed with Ms. Smith and before she accepted her position at the Institute; and (2) at the September 24, 2013 meeting with her supervisors and Dr. Patel, during which time she informed them that she would not be able to perform the proposed duties which required her to work in RHS due to her religious beliefs.

Plaintiff's complaint, however, fails to adequately allege facts tending to support a plausible inference that the decision to discharge Plaintiff was for a discriminatory purpose (i.e. that her religious beliefs were the basis for her discharge). Discriminatory purpose requires more than intent as awareness of consequences. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 279, 99 S. Ct.

2282, 2296, 60 L. Ed. 2d 870 (1979)). To show discriminatory intent under Title VII, a plaintiff must demonstrate "that the decisionmaker...selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects on an identifiable group.'" *Id*. Plaintiff alleged that Defendants discharged Plaintiff just two days after she stated her desire to adhere to her religious beliefs, which required her to refuse to work in "the abortion unit. This allegation is "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, (U.S., 2007) (internal quotation marks omitted).

In any case, even if an employer does not intentionally discriminate against an employee, an employer may still be liable under Title VII for failure to accommodate the religious needs of its employees. That is to say, an employer is required to try to adjust the requirements of the job so that the employee can remain employed without giving up the practice of his religion, provided the adjustment would not work an undue hardship on the employer. *Reed*, 330 F.3d at 934-35. Plaintiff alleged that Defendants told her that her salary structure required her to devote half her time to work in the reproductive services unit but has failed to allege any facts regarding whether a request to accommodate Plaintiff's beliefs was made by Plaintiff and whether Defendants tried to accommodate Plaintiff's beliefs. Based on these allegations, I cannot reasonably infer that Defendants failed to try to accommodate Plaintiff's religious beliefs to keep her employed.

Plaintiff's discrimination claim under Title VII is dismissed without prejudice.

C. Retaliatory Discharge

Title VII prohibits an employer from taking adverse employment action or discriminating against an employee simply "…because he has opposed any practice made an unlawful

5

employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Title VII makes it unlawful for an employer to discharge or otherwise discriminate against an employee because that employee has "made a charge" under Title VII. *Juarez v. Ameritech Mobile Communications, Inc*., 957 F.2d 317, 321 (7th Cir. 1992). "To establish a prima facie case of retaliation [under Title VII], the plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse action by her employer; and (3) that [sic] there is a causal link between the protected expression and the adverse action." *Id*. (quoting *Collins v. Illinois*, 830 F.2d 692, 702 (7th Cir. 1987)).

Defendants argue that Plaintiff failed to state a claim for retaliatory discharge because Plaintiff has neither plead that she engaged in protected activity nor alleged a substantial link between any protected expression and her termination. Plaintiff claims that the protected expression she engaged in was Plaintiff's "normal work involvement." Specifically, Plaintiff contends that her adherence to her religious beliefs by refusing to work in the reproductive services unit was linked to her ultimate discharge. This conduct is not statutorily protected expression as defined under Title VII, such as complaining about or making a "charge" against Defendants. U.S.C. § 2000e-3(a). Plaintiff's allegations that she suffered an adverse action after stating and adhering to her religious beliefs are insufficient to state a claim for retaliatory discharge. Defendants' motion to dismiss Plaintiff's retaliatory discharge claim under Title VII is granted.

**IV. Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is granted as to Plaintiff's claims for discrimination and retaliatory discharge. Defendant Stroger Hospital is dismissed with prejudice from this case.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: June 29, 2015